FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE MARIE J., | NO: 2:17-CV-311-FVS |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Dana C. Madsen. Defendant is represented by Special Assistant United States Attorney Danielle R. Mroczek. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is denied and Defendant's Motion, ECF No. 13, is granted.

# JURISDICTION

Plaintiff Michelle Marie J.[1] (Plaintiff) filed for disability insurance benefits (DIB) and supplemental security income on June 1, 2012, alleging an onset date of February 23, 2011.[2]  Tr. 321-22, 330-33, 373.  Benefits were denied initially, 183-94, and upon reconsideration, Tr. 201-04.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on January 16, 2014.  Tr. 38-69.  On April 4, 2014, the ALJ issued an unfavorable decision.  Tr. 162-73.  The Appeals Council vacated the decision and remanded the matter for further development of the record on August 11, 2015.  Tr. 180-81.

After a second hearing on December 1, 2015, Tr. 72-112, the ALJ issued an unfavorable decision on February 23, 2016.  Tr. 18-29.  The Appeals Council denied review of the second ALJ decision on July 10, 2017.  Tr. 1-5.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

[2] Plaintiff initially alleged an onset date of May 4, 2012, but amended the alleged onset date to February 23, 2011, by requesting reopening of a prior application at the hearing.  Tr. 39, 162.

This decision became the final decision of the Commissioner on November 1, 2017.  20 C.F.R. § 404.984.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

**BACKGROUND**

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1985 and was 28 years old at the time of the first hearing.  Tr. 321.  She graduated from high school.  Tr. 56.  She has work experience as a caregiver, housekeeping cleaner, dining room attendant, and waitress.  Tr. 42, 64.  She was diagnosed with bipolar disorder when she was 23.  Tr. 48.  Bipolar disorder causes her to get irritated, frustrated, and angry.  Tr. 47.  She can keep her moods under control despite only taking an antidepressant.  Tr. 53.  However, she testified that she "can't handle being around people."  Tr. 89.  She gets anxious and upset around people and removes herself from crowded areas.  Tr. 90.  She gets migraines every few weeks since a concussion in 2012.  Tr. 98-99.  She does not think she could maintain a job due to stress.  Tr. 99.  She does not socialize due to anxiety.  Tr. 100-01.  She has mood swings every other day and her moods change from upset to sad periodically.  Tr. 102.

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~3

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~5

claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

1   At step four, the Commissioner considers whether, in view of the claimant's

2   RFC, the claimant is capable of performing work that he or she has performed in the

3   past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the

4   claimant is capable of performing past relevant work, the Commissioner must find

5   that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the

6   claimant is incapable of performing such work, the analysis proceeds to step five.

7   At step five, the Commissioner should conclude whether, in view of the

8   claimant's RFC, the claimant is capable of performing other work in the national

9   economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this

10   determination, the Commissioner must also consider vocational factors such as the

11   claimant's age, education and past work experience. 20 C.F.R. §§

12   404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other

13   work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§

14   404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

15   work, analysis concludes with a finding that the claimant is disabled and is therefore

16   entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

17   The claimant bears the burden of proof at steps one through four above.

18   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

19   step five, the burden shifts to the Commissioner to establish that (1) the claimant is

20   capable of performing other work; and (2) such work "exists in significant numbers

21

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since February 23, 2011, the amended alleged onset date.  Tr. 20.  At step two, the ALJ found that Plaintiff has the following severe impairments: bipolar disorder; personality disorder NOS; depressive disorder NOS; and morbid obesity.  Tr. 21.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 21.

The ALJ then found that Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels, with the following nonexertional limitations:

> She would be limited to simple, repetitive tasks of one to two steps; she should work away from the public; she could have superficial contact with co-workers but could not perform in-tandem tasks; she would work best in a work area or workstation without groups of people nearby; she could tolerate occasional changes in the work setting; she could not perform production-rate or pace work; and she would require work where reading was not an essential aspect of the job.

Tr. 23.

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a kitchen helper.  Tr. 26.  Alternatively, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and

residual functional capacity, the ALJ found there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform such as laundry worker, housekeeping cleaner, or hand packager or addresser. Tr. 28. Therefore, at step five, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 23, 2011, through the date of the decision. Tr. 28.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom complaints; and

2. Whether the ALJ properly considered the medical opinion evidence. ECF No. 12 at 11.

## DISCUSSION

**A.   Symptom Claims**

Plaintiff contends the ALJ improperly rejected her symptom claims. ECF No. 12 at 14-15. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~9

impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms alleged, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible. Tr. 24, 169. This Court finds that the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not credible. Tr. 24, 169-72.

First, the ALJ found the objective evidence does not support the level of limitation alleged.[3] Tr. 24, 169. An ALJ may not discredit a claimant's pain

---

[3] In the February 23, 2016 decision, the ALJ noted:

> The Appeals Council did not direct the undersigned to reconsider any of the evidence already considered and addressed in the claimant's prior decision. However, the Appeals Council directed the undersigned to provide the claimant the opportunity to submit additional evidence, and the claimant has submitted [additional] medical evidence []. The undersigned fully considered these [new] Exhibits and will discuss their effect on the claimant's residual functional capacity findings.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~11

testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (2011). Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

The ALJ noted that although Plaintiff's alleged onset date is February 23, 2011, there are few records between 2009 and March 2012. Tr. 169. In June 2011, James Bailey, Ph.D., reviewed the record and determined the evidence was insufficient to assess Plaintiff's impairments. Tr. 169, 562. In June 2012, John Arnold, Ph.D., examined Plaintiff and opined that her symptoms would negatively impact job performance, but assessed limitations consistent with the ability to work. Tr. 170, 601-02. In October 2013, Plaintiff saw her treating counselor, Mandy Freeman, M.Ed., for completion of DSHS disability benefits paperwork, but Ms. Freeman indicated Plaintiff does not have a condition that prevents her

---

Tr. 24. The ALJ's findings regarding Plaintiff's symptom complaints are therefore discussed in the ALJ's April 4, 2014 decision. Tr. 169-72.

from working, and Plaintiff stated her difficulty is finding the right work for her. Tr. 171, 699. The ALJ noted that psychologists Thomas Clifford, Ph.D., and Diane Fligstein, Ph.D., reviewed the record in June and September 2012, respectively, and found that Plaintiff has limitations, but the limitations do not prohibit all work. Tr. 122-23, 143-45, 172. The ALJ also detailed other evidence in the record reasonably supporting the conclusion that the objective evidence is not consistent with the level of limitation alleged by Plaintiff. Tr. 169-72.

Plaintiff's only argument is that "the ALJ may not make a negative credibility finding 'solely because' the claimant's symptom testimony 'is not substantiated affirmatively by objective medical evidence.'" ECF No. 12 at 15 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)). Here, the lack of objective evidence is not the sole reason given by the ALJ for rejecting Plaintiff's symptom testimony. The ALJ cited several other clear and convincing reasons supported by substantial evidence, discussed *infra*. Thus, the lack of supporting objective evidence was properly considered by the ALJ.

Second, the ALJ found Plaintiff demonstrated a tendency to exaggerate her symptoms. Tr. 169. The tendency to exaggerate may be a permissible reason for discounting Plaintiff's symptom testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (finding the ALJ appropriately considered Plaintiff's tendency to exaggerate when assessing Plaintiff's symptoms claims). The ALJ cited the evaluation of Thomas Mitchell, Ph.D., who examined Plaintiff in March

2009 and conducted psychological testing. Tr. 581-84. Dr. Mitchell noted that both his observations and objective test results "indicate a tendency to emphasize/exaggerate her symptoms, possibly as a way to solicit support/attention from others." Tr. 583. The ALJ found the tendency to exaggerate detracts from the reliability of Plaintiff's alleged symptoms. Tr. 169.

Plaintiff first contends the ALJ misinterpreted Dr. Mitchell's opinion, arguing that, "Dr. Mitchell did not find [Plaintiff] personally exaggerates or has a tendency to exaggerate symptoms, rather an algorithm supposed [sic] a profile of merely a tendency of 'magnifying' her symptoms." ECF No. 12 at 14 (citing Tr. 583). Plaintiff is incorrect. In the mental status exam findings, Dr. Mitchell noted, "[h]er thinking was significant for negativity and emphasizing her symptoms," and his behavioral observations include, "she tended to describe her symptoms in rather dramatic terms. This created some inconsistency in her overall presentation." Tr. 582. Dr. Mitchell also noted objective findings of emphasizing and exaggerating her symptoms indicated in the results of the Millon Clinical Multiaxial Inventory and found that those results were "consistent with her presentation during the evaluation." Tr. 583. Plaintiff's assertion that Dr. Mitchell did not find that Plaintiff tends to exaggerate or emphasize her symptoms is not supported by the record.

Plaintiff also contends that Dr. Mitchell's opinion was formed outside the relevant period, suggesting that the ALJ should not have considered his

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~14

conclusions. ECF No. 12 at 15. "Medical opinions that predate the alleged onset of disability are of limited relevance," especially in cases where "disability is allegedly caused by discrete event." *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Dr. Mitchell's 2009 opinion predates Plaintiff's alleged onset date of February 23, 2011 by nearly two years. However, as noted by Defendant, Plaintiff alleged depression since the age of 16, reasonably suggesting that earlier records could shed light on Plaintiff's symptom claims. ECF No. 13 at 7 (citing Tr. 169, 576). Nonetheless, although the ALJ did not necessarily err in considering Dr. Mitchell's opinion, the opinion two years prior to the alleged onset date does not by itself constitute clear and convincing evidence that Plaintiff exaggerated her symptoms.[4]

Third, the ALJ found Plaintiff's symptoms improve when she is compliant with medication and involved in counseling, and that there are unexplained gaps in treatment. Tr. 170-71. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3),

---

[4] Defendant cites additional evidence in the record supporting the finding that Plaintiff exaggerates her symptoms. ECF No. 13 at 6-7. However, the ALJ did not mention this evidence and the Court is constrained to review only those reasons asserted by the ALJ. *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

416.929(c)(3) (2011); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits) (internal citations omitted); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations). Additionally, when there is no evidence suggesting a failure to seek treatment is attributable to a mental impairment, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the level of complaints. *Molina*, 674 F.3d at 1113-14. The ALJ cited substantial evidence supporting this reasoning, Tr. 170-71, and Plaintiff failed to discuss the evidence or show how the ALJ erred. ECF No. 12 at 14-15; ECF No. 14 at 6-7. This is a clear and convincing reason supported by substantial evidence.

Fourth, the ALJ found Plaintiff was able to work after her alleged onset date, which undermines her disability claim. Tr. 171. Working with an impairment supports the conclusion that an impairment is not disabling. *See Drouin v. Sullivan*, 966 F.2d 1256, 1258 (9th Cir.1992). The ALJ observed that Plaintiff worked a 36-hour work week for nearly a year after her alleged onset date, which reasonably supports the inference that Plaintiff's limitations are not as severe as

alleged.[5]  Tr. 171, 392, 394.  Plaintiff failed to discuss this evidence or demonstrate any error, and this is another clear and convincing reasons supported by substantial evidence.

**B.    Medical Opinion Evidence**

Plaintiff contends the ALJ failed to properly consider the opinion of psychologist Scott Mabee, Ph.D., who examined Plaintiff in July 2013.  ECF No. 12 at 12-14; Tr. 670-75.  Dr. Mabee diagnosed depressive disorder and borderline personality features and indicated "rule out" borderline intellectual functioning based on poor effort during the mental status exam.  Tr. 671.  He assessed marked limitations in four functional areas:  the ability to understand, remember, and persist in tasks by following detailed directions; the ability to perform activities within a schedule, maintain regular attendance, and be punctual; the ability to complete a normal work day and work week without interruptions from psychologically based symptoms; and the ability to communicate and perform effectively in a work setting.  Tr. 672.  Dr. Mabee also assessed five moderate limitations.  Tr. 672.  The ALJ gave no weight to the marked limitations assessed by Dr. Mabee.  Tr. 167, 171.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining

---

[5] Plaintiff reported working 36 hours per week at McDonalds from April 2011 to May 2012.  Tr. 392, 394.

physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Because Dr. Mabee's opinion regarding marked limitations was contradicted by the opinions of Drs. Clifford and Fligstein, Tr. 122-23, 143-45, the ALJ was

required to provide specific and legitimate reasons for rejecting the opinion. *Bayliss*, 427 F.3d at 1216.

First, the ALJ found there is no support for the marked limitations assessed by Dr. Mabee in the record as a whole. Tr. 167. The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating that opinion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ noted that Plaintiff's ability to maintain a 36-hour per week work schedule for nearly a year after her amended alleged onset date is inconsistent with the marked limitations assessed by Dr. Mabee. Tr. 167, 171, 392, 394. Plaintiff contends her employment was not relevant because "that work was not one that she can perform under the residual functional capacity determination." ECF No. 12 at 13. Plaintiff's point is unclear. If the functional requirements of the job Plaintiff performed during the period of alleged disability exceed the limitations of the residual functional capacity finding, the ALJ's point is emphasized, not undermined. Dr. Mabee's marked limitations are even more unsupported if Plaintiff was more capable than the RFC for some time after the alleged onset date. This is a specific, legitimate reason for giving little weight to the marked limitations assessed by Dr. Mabee.

The ALJ also observed that Plaintiff's symptoms improved with therapy and counseling, as discussed throughout the decision. Tr. 167 (citing Tr. 687-709), 170-72. Plaintiff argues that the ALJ "fails to identify which of the limitations found by

Dr. Mabee was eliminated by the improvement claimed. This is impermissibly vague." ECF No. 12 at 13. To the contrary, the ALJ did identify the limitations rejected, which are the marked limitations assessed by Dr. Mabee. The ALJ found those limitations are unsupported by evidence that Plaintiff improved with treatment. Tr. 167. Plaintiff again misses the ALJ's point, which is that evidence of improvement with treatment reflects a higher level of functioning than indicated by the marked limitations assessed by Dr. Mabee. This was reasonably considered by the ALJ in evaluating Dr. Mabee's opinion.

Second, the ALJ found the marked limitations assessed by Dr. Mabee are inconsistent with his own findings. Tr. 167, 171. A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray*, 554 F.3d at 1228; *Thomas*, 278 F.3d at 957. The ALJ determined Dr. Mabee's "ratings of marked impairment are not supported by his other findings." Tr. 167. A review of Dr. Mabee's "other findings" reflects no basis for assessing marked limitations. Tr. 670-75. Notably, Plaintiff was on time to her appointment, the mini mental status exam and Trails Making test results were within normal limits, and Dr. Mabee assessed no more than a moderate limitation in her ability to perform activities of daily living. Tr. 674-75. Plaintiff fails to identify any findings by Dr. Mabee which reasonably support his assessment of marked limitations. ECF No. 12 at 13; ECF No. 14 at 2. While the ALJ could have perhaps cited more detail,

the conclusion is supported by substantial evidence and this is a legitimate reason for giving less weight to Dr. Mabee's opinion.

Third, the ALJ found Dr. Mabee's conclusions appear to be based on the Plaintiff's subjective complaints. Tr. 171. A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan*, 242 F.3d at 1149; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Fair*, 885 F.2d at 604. However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *Ghanim*, 763 F.3d at 1162; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). As noted *supra*, the ALJ's determination that Dr. Mabee's findings do not support the marked limitations assessed is based on the evidence. Since the ALJ also reasonably found that Plaintiff's symptom testimony is not fully reliable, the ALJ's conclusion that Dr. Mabee's marked limitations must have been based on Plaintiff's unreliable statements is a reasonable interpretation of the evidence. In this case, this is a specific, legitimate reason for rejecting the marked limitations assessed by Dr. Mabee.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

1    Accordingly, **IT IS HEREBY ORDERED**:

2    1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

3    2. Defendant's Motion for Summary Judgment, **ECF No. 13**, is

4    **GRANTED**.

5        **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

6    Order and provide copies to counsel.  Judgment shall be entered for Defendant and

7    the file shall be **CLOSED**.

8        **DATED** December 13, 2018.

9
                                    _s/ Rosanna Malouf Peterson_
10                                   ROSANNA MALOUF PETERSON
                                     United States District Judge
11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~22